**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50335 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03986-BTM-1 |
| v. | |
| OSCAR OSBALDO ORTIZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, Chief District Judge, Presiding

Submitted February 5, 2015[**]
Pasadena, California

Before: MELLOY,[***] BYBEE, and IKUTA, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here. Appellant Oscar Ortiz-Martinez appeals from a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

judgment of conviction on one count of conspiracy to import heroin, cocaine, and methamphetamine and one count of bribery. We affirm the conviction.

Ortiz-Martinez makes two arguments why his conviction should be reversed, both of which have to do with the voir dire that preceded his trial. First, Ortiz-Martinez argues that the district court erred by failing to excuse two biased potential jurors for cause. Second, he argues that comments made by one of those potential jurors during the voir dire tainted the entire jury panel and that the district court should have either struck the venire or conducted further voir dire to ascertain the effect of the allegedly prejudicial comments.

Both of these arguments lack merit. Ortiz-Martinez's first claim fails because neither of the potential jurors he claims were biased actually sat on his jury; he used peremptory challenges to strike both of them. The Supreme Court has held that, "if [a] defendant elects to cure" the erroneous denial of his cause challenge to a potential juror "by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right." *United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000). Thus, even assuming that the two potential jurors were indeed biased, the district court's failure to excuse them for cause did

not violate Ortiz-Martinez's constitutional rights. *Comer v. Schriro*, 480 F.3d 960, 990 (9th Cir. 2007).[1]

Neither did the district court violate Ortiz-Martinez's Sixth Amendment rights by failing sua sponte to strike the venire or conduct additional voir dire after a potential juror said in front of the venire that she recalled having seen news stories that *might* have been about Ortiz-Martinez's case and that she suspected that Ortiz-Martinez was guilty. It is true that a potential juror can taint the rest of the venire by making "expert-like statements" that bolster the evidence against the defendant, *see Mach v. Stewart*, 137 F.3d 630, 633 (9th Cir. 1997), or by mentioning "extrinsic evidence [that is] highly inflammatory and directly connected to [the defendant's] guilt." *Id.* at 634. The juror in question, however, did neither of these things.

The juror did not claim to have expert knowledge that corruption was common among Customs and Border Protection (CBP) officers. Nor did she indicate that any of the specific facts in the stories she saw convinced her that Ortiz-Martinez was guilty. Rather, the juror stated that she had a personal bias towards finding Ortiz-Martinez guilty because of her hunch that CBP officers

---

[1]Indeed, in his reply brief, Ortiz-Martinez himself acknowledged that his first argument is foreclosed by *Martinez-Salazar*.

3

frequently give in to the "temptation" to take bribes—a hunch that was only loosely connected to any news stories she had seen. Explanations of a juror's personal biases and suspicions do not taint the entire venire. *See, e.g.*, *United States v. Vargas-Rios*, 607 F.2d 831, 837 (9th Cir. 1979).

We also note that the district court used multiple curative instructions to lessen the impact of the juror's statements regarding the news stories. *Cf. Mach*, 137 F.3d at 634 n.5. The court emphasized several times that jurors were required to decide the case solely on the basis of the evidence presented in the courtroom, and it gave several strong admonitions regarding the presumption of innocence and the requirement of proof beyond a reasonable doubt. All of the venire members indicated that they understood and could follow those instructions.

We therefore cannot say "that the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [the venire], even though neither counsel made the request." *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009). The conviction is

**AFFIRMED.**[2]

---

[2]While this appeal was pending, Ortiz-Martinez filed two pro se motions with this court—the first seeking leave to file a supplemental brief and the second requesting that the court appoint him new counsel. This court, however, does not entertain pro se motions from parties represented by counsel. We therefore deny both motions.